UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV00560 AGF |
| ) | |
| AARON LAROSE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant has filed a notice of removal of this criminal action from state court and a motion for leave to proceed in forma pauperis. The removal and the motion are defective. Defendant has not submitted a financial affidavit in support of his motion for leave to proceed in forma pauperis, and therefore, the Court will deny it. Additionally, for the reasons stated below, the Court will summarily remand this action to the state court.

Defendant was indicted on July 7, 2009, in the Circuit Court for St. Charles County of First Degree Murder and Armed Criminal Action. He was convicted by a jury on April 1, 2011. And he was sentenced to life without parole on June 16, 2011. See State v. Larose, 0911-CR03956-01 (11th Jud. Cir.). Plaintiff appealed, and his direct appeal is still pending before the Missouri Court of Appeals for the Eastern District. See Missouri v. Larose, ED97043 (Mo. Ct. App.).

In his notice of removal, defendant states that he is removing both his direct appeal and his closed criminal action to this Court. He states that he has removed this case because

Missouri Appellate Rule 380, which prohibits pro se filings by parties represented by counsel, "prohibits him from making a solid record that would protect his rights." He also claims that during trial he was prevented from introducing DNA evidence that might have exonerated him.

> Title 28 U.S.C. § 1443 states, in relevant part:
>
> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). "'[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *State of Ga. v. Rachel*, 384 U.S. 780, 800 (1966)).

To properly effect removal, "[a] notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except . . . for good cause shown." 28 U.S.C. § 1446(c)(1).

Title 28 U.S.C. § 1446(c)(4) states, "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

Defendant's removal is patently defective. It is untimely because it occurred after his trial. And the subject matter does not touch on racial equality. As a result, the Court will summarily remand this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to proceed in forma pauperis [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall pay the $350 filing fee to the Clerk of Court no later than thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that this action is summarily **REMANDED** to the state courts.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the Missouri Court of Appeals, with reference to Missouri v. Larose, ED97043.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the Circuit Court for St. Charles County, with reference to State v. Larose, 0911-CR03956-01.

Dated 2nd day of April, 2013.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE